UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JUSTIN L. HARRIS,

    Petitioner,

v.                                          Case No. 22-C-1088

UNITED STATES OF AMERICA,

    Respondent.

## DECISION AND ORDER

    Petitioner Justin Harris was found guilty of two counts of brandishing a firearm and one count of brandishing a firearm in a crime of violence. On August 6, 2020, the court imposed a total sentence of 204 months imprisonment. Judgment was entered on August 11, 2020, and an amended judgment was entered on September 24, 2020. On September 20, 2022, Harris moved to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255.

    Motions brought under § 2255 are subject to a one-year statute of limitations period. 28 U.S.C. § 2255(f). In its September 21, 2022, screening order, the court noted that Harris' § 2255 motion appeared untimely by approximately one year and directed him to show cause why his application for relief was not time-barred. Dkt. No. 3. Harris filed a response on October 17, 2022, requesting that the court equitably toll the statute of limitations period.

    To successfully toll the statute of limitations, Harris must demonstrate that (1) he has been pursuing his rights diligently and (2) some extraordinary circumstance out of his control prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is only "rarely granted" in extraordinary circumstances. *Jones v. Hulick*, 449 F.3d 784, 789 (7th Cir. 2006).

Harris asserts that he could not timely file his petition because he was sentenced during the pandemic, he was transferred to various institutions which required that he be housed in the quarantine block for a period of time, and he was sent to administrative detention. But such forms of confinement and transit are common in the penal system and cannot be expected to give rise to equitable tolling, given the countless habeas petitions that arise from inmates. Otherwise, equitable tolling would become the norm rather than the rare exception. If an inmate has a potential habeas action, it should be incumbent on him to avoid circumstances that make filing more difficult. In any event, inmates in segregated or other forms of confinement have access to legal materials and are permitted to file papers with the court. Harris has not established that he was diligently pursing his rights or that circumstances outside of his control prevented his filing. Therefore, equitable tolling is not warranted under these circumstances.

For these reasons, Harris' § 2255 petition is untimely. Because Harris has failed to show cause sufficient to excuse his untimely application for relief under § 2255, his petition is **DENIED** and the case is **DISMISSED**. The clerk is directed to enter judgment accordingly. A certificate of appealability will be denied. I do not believe that reasonable jurists would believe that Harris has made a substantial showing of the denial of a constitutional right.

Harris is advised that the judgment entered by the clerk is final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. *See* Fed. R. App. P. 3, 4.

**SO ORDERED** at Green Bay, Wisconsin this 4th day of November, 2022.

s/ William C. Griesbach
William C. Griesbach
United States District Judge